Wilhermina Omolara **COLE,**
Petitioner,

v.

Alberto R. **GONZALES, Respondent.**

No. 05–77341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew Boyd Weber, Esq., Scott A. Marks, Weber & Marks, PLLC, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Jamie M. Dowd, Esq., Colette J. Winston, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Petitioner, a native and citizen of Ghana who has lived in the United States since 1980, pled guilty to Conspiracy (18 U.S.C. § 371), Health Care Fraud (18 U.S.C. § 1347), and False, Fictitious or Fraudulent Claims (18 U.S.C. § 287). As a result, petitioner was charged with removability under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act for being an alien convicted of an aggravated felony and was ultimately ordered removed. Aliens are removable if convicted of an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner contests the removal decision made by the Board of Immigration Appeals, arguing that she was not convicted of an aggravated felony under § 1101(a)(43)(M)(i).

The plea agreement signed by Cole states otherwise. As Cole correctly observes, the plea agreement provides loss

amounts for only two of the three counts of which she pled guilty, both of which are under separate statutes and neither of which caused a loss in excess of $10,000. However, Cole also agreed to pay restitution for her "specific conduct" in the amount of $1,560,388. Because Cole's specific conduct in this case was the overarching conspiracy to which she pled guilty, the plea agreement and restitution order demonstrate that Cole was, in fact, convicted of at least one offense in which the loss to the victim exceeded $10,000. *Chang v. INS*, 307 F.3d 1185 (9th Cir.2002), is distinguishable because Cole's written plea agreement clearly shows that the loss to the victims is more than $10,000 and is not distinct from the restitution amount.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

